**Orlan M. ARNOLD, Plaintiff,**

v.

**Robert C. WATSON, etc., Defendant
(two cases).**

**Civ. A. Nos. 1092–53, 2256–53.**

United States District Court
District of Columbia.

Sept. 13, 1955.

———◆———

Roger L. Hansel, Davidson C. Miller, Ellsworth H. Mosher, Washington, D.C., and Robert D. Spille, of the bar of the State of New York by special leave of Court, Brooklyn, N. Y., *pro hac vice* for plaintiff.

E. L. Reynolds, Washington, D. C., for defendant.

WILKIN, District Judge.

These two cases, joined for trial, were submitted on the pleadings, evidence and briefs.

The evidence in these cases reveals that the plaintiff has pioneered in the field of scientific development involved in his applications for patents, and has made a contribution to scientific knowledge and has revealed certain facts and details of operations which will probably be useful. The evidence fails, however, to disclose a method or a process or an object that can be called invention in accordance with the rules of patent law. Even after conceding the meritorious results of the plaintiff's efforts, the Court is unable to define a specific method, process, or object which would warrant the grant of a patent monopoly. The Court would be unable to state specifically what others would be prohibited from doing, because of the plaintiff's prior invention or discovery.

Vaporizing a substance from a body of material is not new. The methods of determining the "anomalous dispersion ranges" of various substances are known and practiced, and the practice of subjecting material to an electrostatic field or frequency of vibration is known and used, and the methods and practices of the plaintiff described in his application produced no new or patentable object. His application, in fact, describes "the method" only.

The plaintiff has exposed the error of certain assumptions and conclusions by predecessors in this field of art, but he has merely carried forward and in more detail, and under different conditions, methods and practices that prior patents have taught.[1]

It seems to this Court that the Examiner and Board of Appeals of the Patent Office were justified in finding

1. Hickman et al. Patent 2,343,666 March 7, 1944; Darrah Patent 2,362,889 Nov. 14, 1944; Kassner Patent 2,089,966 Aug. 17, 1937; Clayton Patent 2,483,623 Oct. 4, 1949.

Fully discussed in Examiners statements and decisions of Board of Appeals, Def't. Ext. No. 1 and No. 2.

that the claims of the application were too broad and indefinite. If the claims were narrowed down to the applicant's accomplishments, they would be found to be merely further extensions in a field already opened up by prior discovery and a use of methods under circumstances and conditions which would naturally be suggested to any one experienced in that branch of science.

Judgment for defendant. Complaint dismissed at costs of plaintiff.